CORRECTED OPINION
WARNER, J.
In this challenge to a development order permitting mining on U.S. Sugar’s property within the Agricultural Production Future Land Use area in Palm Beach County, the trial court granted summary judgment holding that the order is inconsistent with the Comprehensive Plan of Palm Beach County and enjoining activities under that order, based upon 1000 Friends of Fla., Inc. v. Palm Beach Cnty., Bergeron Sand & Rock Mine Aggregates, Inc., 69 So.3d 1123 (Fla. 4th DCA 2011), and 1000 Friends of Fla., Inc. v. Palm Beach Cnty., Rinker Materials of Fla., d/b/a Cemex, 75 So.3d 1270 (Fla. 4th DCA 2011). In both cases, this court struck down similar development orders. We affirm based upon Bergeron and Cemex.
The development order in question in this case was obtained by both Florida Rock Industries, Inc. and United States Sugar Corporation. Florida Rock was the lessee and U.S. Sugar was the owner of the subject property. After Bergeron and Cemex were decided, Florida Rock gave up its lease, and U.S. Sugar claimed that it intended to mine under the permit consistent with the comprehensive plan, attempting to distinguish the order from the previously decided cases where the companies did not intend to comply with the plan’s strict requirements regarding mining in agricultural areas.
Whether a development order is consistent with a comprehensive plan is determined by comparing what the order permits, not what the current holder intends to do under the order. The current order permits general commercial mining, a use prohibited under the comprehensive plan. The burden is on the applicant to show that the development order conforms strictly to the comprehensive plan. Machado v. Musgrove, 519 So.2d 629, 632 (Fla. 3d DCA 1987). The adopted order is inconsistent with the plan. If in fact U.S. Sugar wants to mine in a manner consistent with the plan, then it should reapply and limit its application so that any order which grants the application would be properly consistent with the comprehensive plan.

Affirmed.

STEVENSON and TAYLOR, JJ„ concur.